UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| KENNETH M., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 405(b) (DOC. NO. 39)** <br><br> Case No. 1:20-cv-00045 <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiff Kenneth M.'s[1] attorney, Matthew McGarry ("Counsel"), has filed a Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).[2] Counsel seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $20,740.50.[3] The Commissioner does not oppose the petition.[4] For the reasons explained below, the court grants the motion.

BACKGROUND

On April 21, 2020, Mr. M. hired Counsel, who is an attorney at Olinsky Law Group, on a contingent-fee basis to represent him in his claims against the Social

---

[1] Pursuant to best practices in the District of Utah addressing privacy concerns in court orders in certain cases, including social security cases, the court refers to Plaintiff by his first name and last initial only.

[2] ("Mot.," Doc. No. 39.)

[3] (*See* Att'y's Affirmation in Supp. of Fees ("Att'y Affirmation") ¶ 7, Doc. No. 39-1.)

[4] (*See* Comm'r's Resp. to Pl.'s Pet. For Att'y's Fees Under 42 U.S.C. § 406(b), Doc. No. 40.)

1

Security Administration ("SSA").[5]  In the written contingent-fee agreement, Mr. M. and Counsel agreed the contingency fee would be twenty-five percent of the past-due benefits awarded to Mr. M.[6]

Counsel filed this action for judicial review of the SSA's denial of benefits on April 27, 2020.[7]  On September 10, 2021, the court remanded the case to the Commissioner for further proceedings.[8]  Mr. M. then sought $5,600.00 in attorney's fees under the Equal Access to Justice Act ("EAJA").[9]  The court granted the motion and awarded Mr. M. the requested amount of $5,600.00 in EAJA fees, payable to counsel.[10]

After the case was remanded, the SSA provided notice that Mr. M. had been awarded past-due benefits, and that it was withholding $27,940.50—representing twenty-five percent of the award—in anticipation of a fee request.[11]

On October 21, 2024, Counsel filed this petition asking the court to authorize, pursuant to 42 U.S.C. § 406(b), payment of $20,740.50 in fees for his firm's

---

[5] (*See* Att'y Affirmation ¶¶ 1, 3, Doc. No. 39-1; Ex. A to Mot., Fee Agreement, Doc. No. 39-2.)

[6] (*See* Att'y Affirmation ¶ 3, Doc. No. 39-1; Ex. A to Mot., Fee Agreement, Doc. No. 39-2.)

[7] (*See* Compl., Doc. No. 3.)

[8] (*See* J. in a Civ. Action, Doc. No. 29.)

[9] (*See* Stip. Mot. for Award of Att'y Fees Pursuant to the Equal Access to Justice Act, Doc. No. 31.)

[10] (Order Granting Stip. Mot. for Award of Att'y Fees Pursuant to the Equal Access to Justice Act, Doc. No. 33.)

[11] (*See* Att'y Affirmation ¶ 4, Doc. No. 39-1; Ex. B to Mot., Important Information Letter, Doc. No. 39-3.)

representation of Mr. M. before this court.[12]  The billing records Counsel submitted indicate 24.3 hour of attorney time and 6.7 hours of paralegal time were logged for work on Mr. M.'s case before this court.[13]  Counsel explains his fee request translates to an hourly rate of $100 for paralegal time and $825.94 for attorney time.[14]  Counsel further indicates that the $5,600.00 EAJA fee award will be refunded to Mr. M. upon payment of the requested fee amount under 42 U.S.C. § 406(b).[15]

Counsel affirmed Mr. M. would receive a copy of the motion for attorney fees.[16]  Mr. M. has not responded or objected to the motion.  The Commissioner filed a response taking no position on the motion.[17]

## ANALYSIS

Section 406(b) provides that an attorney who successfully represents a Social Security claimant may be awarded "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[18]  In *Gisbrecht v. Barnhart*,[19] the Supreme Court indicated that section 406(b) requires district courts to review contingent-fee

---

[12] (Mot., Doc. No. 39; Att'y Affirmation, Doc. No. 39-1.)

[13] (Att'y Affirmation ¶ 9, Doc. No. 39-1; Exs. C–E to Mot., Ledgers, Doc. Nos. 39-4–39-6.)

[14] (Atty' Affirmation ¶ 9, Doc. No. 39-1.)

[15] (*Id.* at 2.)

[16] (*Id.* ¶ 12.)

[17] (*See* Comm'r's Resp. to Pl.'s Pet. For Att'y's Fees Under 42 U.S.C. § 406(b), Doc. No. 40.)

[18] 42 U.S.C. § 406(b)(1)(A).

[19] 535 U.S. 789 (2002).

agreements "as an independent check, to assure that they yield reasonable results in particular cases."[20] The Court noted that within the twenty-five percent boundary set by Congress, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."[21] District courts must assess the reasonableness of the contingent-fee agreement and may reduce the amount of fees where warranted.[22]

The Court provided several examples of what would cast doubt on the reasonableness of the contingent-fee agreement and merit a reduced fee. First, the fee award may be reduced "based on the character of the representation and the results the [attorney] achieved."[23] Second, "[i]f the attorney is responsible for delay . . . a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[24] Third, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[25]

Here, Counsel's fee request does not exceed the twenty-five percent threshold. Nevertheless, pursuant to *Gisbrecht*, the court examines whether the fee request is reasonable. First, based on the record in this case, the character of Counsel's

---

[20] *Id.* at 807.

[21] *Id.*

[22] *Id.* at 808.

[23] *Id.*

[24] *Id.*

[25] *Id.*

representation of Mr. M. and the results achieved were not substandard. Counsel's work before this court resulted in remand of the case to the Commissioner, and a significant award of past-due benefits for Mr. M. at the administrative level. Second, there is no indication Counsel delayed pursuing Mr. M.'s claims. Counsel filed this case less than a week after being retained and complied with all briefing deadlines.

Next, Counsel's fee request is not unreasonable compared to the amount of time spent on the case. As explained above, the fee request translates to an hourly rate of $825.94 for attorney time.[26] This is within the range which courts have found reasonable—though it approaches the high end of that range.[27] This hourly rate is also reasonable considering Counsel assumed the risk of not receiving any fees under the contingent-fee agreement.[28] Finally, Counsel's petition is unopposed—further indicating the requested fees are reasonable and warranted.

## CONCLUSION

For the reasons explained above, the requested fee is reasonable under the contingent-fee agreement between Counsel and Mr. M. Therefore, the court authorizes Counsel to receive a § 406(b) fee award of $20,740.50. In addition, because fees have

---

[26] (*See* Att'y Affirmation ¶ 9, Doc. No. 39-1.)

[27] *See, e.g.*, *Gulbransen v. Colvin*, 2015 U.S. Dist. LEXIS 55176, at *4 (D. Utah Apr. 27, 2015) (unpublished) (granting a § 406(b) fee request resulting in an hourly rate of $862.88, an "amount [that] is on the high-end of what the Court would find to be reasonable," where there was no other basis to find the fee unreasonable).

[28] *See Faircloth v. Barnhart*, 398 F. Supp. 2d 1169, 1174 (D.N.M. 2005) (finding § 406(b) attorney fee award translating to an hourly rate of $510.25 reasonable, particularly "when that fee is considered in conjunction with a Social Security lawyer's risk of loss").

been awarded under both § 406(b) and the EAJA, Counsel must refund the lesser of the two fees to Mr. M. (which in this case, are those fees awarded under the EAJA).[29]

Accordingly, the court orders as follows:

1. Counsel's Motion for Attorney's Fees[30] pursuant to 42 U.S.C. § 406(b) is granted. Counsel is awarded § 406(b) fees in the amount of $20,740.50, payable to Matthew McGarry.

2. Counsel must refund to Mr. M. the previous EAJA fee award of $5,600.00 upon payment of the § 406(b) award.

DATED this 6th day of January, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[29] *See Gisbrecht*, 535 U.S. at 796 (recognizing that "[f]ee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee." (internal quotation marks and alteration omitted)).

[30] (Doc. No. 39.)